Filed 12/17/15  P. v. Lanzi CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C079731 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF15-2211) |
| v. | |
| DUANE DALE LANZI, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

A felony complaint filed in April 2015 charged defendant Duane Dale Lanzi with first degree burglary (count 1; Pen. Code, § 459)[1] and alleged that he had suffered four prior felony convictions (§ 667.5, subd. (b)).

---

[1] Undesignated statutory references are to the Penal Code.

1

After the complaint was amended to add second degree burglary (count 2), defendant pleaded no contest to that count and admitted two prior convictions in return for a guaranteed four-year split sentence (the two-year midterm on count 2, plus two years consecutive for the priors); the first part was to be served in county jail and the trial court was to determine the split at sentencing. The People dismissed count 1.

The factual basis for the plea, as recited by the prosecutor, was the following: "On or about April 14th, 2015, in the City of West Sacramento, in Yolo County, the defendant entered in[]to an [uninhabited] residence with the intent to commit theft therefrom. [¶] In addition, . . . the defendant . . . served two prior prison terms, and has not remained free from felony convictions or a prison commitment for a period of five years since those sentences were imposed."

At sentencing, the trial court imposed the agreed-to four-year split sentence, with two years to be served in county jail and two years on county mandatory supervision. The court awarded defendant 160 days of presentence custody credit (80 actual days and 80 conduct days). The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended mandatory supervision restitution fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

2

## DISPOSITION

The judgment is affirmed.

/s/
_____
Blease, Acting P. J.

We concur:

/s/
_____
Hull, J.


/s/
_____
Robie, J.